UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LINDA A. KOSO,

                              12–CV–1723 (JMA)
            Petitioner,      **MEMORANDUM AND ORDER**

            v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,


            Respondent.
-----------------------------------------------------------------------X

**AZRACK, District Judge:**

      Linda A. Koso ("Koso"), proceeding pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for larceny. Koso's conviction arises out of an information charging her with stealing over $119,000 from her disabled boyfriend. Koso pleaded guilty to larceny in the third degree and was sentenced to five years of probation, $45,702 in restitution, and 840 hours of community service in lieu of six months in jail.[1]

      Citing a number of alleged deficiencies concerning her conviction and sentence, Koso seeks: (1) relief from the restitution order; (2) return of any restitution previously paid; (3) termination of her probation; and (4) relief from her probation violation resulting from her failure to make monthly restitution payments. (Pet. at 13–14, ECF No. 1.) The Attorney General of the State of New York ("respondent") opposes the petition, arguing that most of Koso's claims are either unexhausted or meritless.

      As explained below, Koso's petition contains exhausted and unexhausted claims. Thus,

---

[1] Before sentencing, Koso also paid $74,151 in restitution.

1

within thirty (30) days of this Order, Koso must notify the Court by letter whether she wishes to: (1) proceed only with her Eighth Amendment claim concerning her probation term; or (2) voluntarily dismiss her petition without prejudice so that she can exhaust her unexhausted claims.

## I. BACKGROUND

The following facts are drawn from the petition and underlying record.

Koso was charged with one count of grand larceny in the second degree for cashing $119,853 in checks made out to her then-boyfriend from his insurance company. (Plea Tr. at 11–12, ECF No. 4-5.) On May 5, 2009, Koso pleaded guilty to larceny in the third degree. During the plea hearing, the prosecutor recited the terms of Koso's plea agreement for the record. (Plea Tr. 6–7.) Pursuant to the plea agreement, sentencing would be deferred six months to permit Koso to pay $75,000 in restitution. If Koso paid that amount by the time of sentencing, the prosecutor would recommend that Koso be sentenced to: (1) 840 hours of community service in lieu of six months in jail; (2) five years of probation; and (3) restitution in the amount of $44,853. (Id.)

By November 23, 2009, the date of Koso's sentencing, she had paid $74,151 in restitution.[2] Before the sentence was imposed, Koso explained to the judge that she may have problems fulfilling the community service requirement given her mental health issues, but ultimately did not object to the community service requirement. (Sentencing Tr. at 4–5, ECF No. 4-6.) Thereafter, the Court sentenced Koso in accordance with the plea agreement.

On June 6, 2011, Koso, represented by new counsel, filed a motion in the Appellate

---

[2] Although the amount paid was less than $75,000, the prosecutor agreed to proceed with the plea agreement.

Division under Section 470.15(c)(2) of the New York Criminal Procedure Law seeking a conditional discharge and a reduction in her community service requirement.[3,4] Koso argued that these modifications to her sentence were "in the interest of justice on the ground that the sentence imposed [was] unduly harsh and severe" and "excessive." (Not. of Mot. for Sentence Reduction & Mem. of Law. in Sup. of Mot. to Reduce Sentence at 4, ECF No. 4-2.) The Appellate Division affirmed the sentence without an opinion. Koso then requested leave to renew her motion before the New York Court of Appeals, which was also denied.

On April 6, 2012, Koso filed her petition in this Court. In her petition, Koso indicated that although she had, with difficulty, completed the community service requirement, she had been unable to pay $800 a month in restitution, and was thus in violation of her probation. (Pet. at 9–10.)

On June 29, 2012, respondent filed its opposition to the petition. Although Koso had the opportunity to file a reply, she never did.

## II. DISCUSSION

Construing her petition liberally, Koso argues, in conclusory fashion, that she is entitled to habeas relief because: (1) her sentence was cruel and unusual, in violation of the Eighth Amendment; (2) she did not understand the consequences of pleading guilty; (3) she received

---

[3] New York Criminal Procedure Law § 470.15(2)(c) provides:

> Upon such an appeal, the intermediate appellate court must either affirm or reverse or modify the criminal court judgment, sentence or order. The ways in which it may modify a judgment include, but are not limited to, the following: . . . (c) Upon a determination that a sentence imposed upon a valid conviction is illegal or unduly harsh or severe, the court may modify the judgment by reversing it with respect to the sentence and by otherwise affirming it.

[4] The procedural history of Koso's motion is unclear. Although the motion was not filed until over a year after Koso was sentenced, the Appellate Division appointed Koso counsel to pursue that motion on June 24, 2010, suggesting that Koso initiated efforts to modify her sentence at some point before the actual motion was filed. (Statement Pursuant to CPLP 5531, ECF 4-2.) Thus, the Court is unable to determine how much time elapsed on Koso's one-year clock. See 28 U.S.C. § 2244(d)(1).

3

ineffective assistance of counsel because her plea counsel (a) ignored "a folder full of evidence to support [her] innocence" and (b) had been a lawyer for less than five years at the time he represented Koso; and (4) she is innocent. (Pet. at 1–2, 5–10.) Respondent has not construed the petition as alleging actual innocence, and argues that all of Koso's other claims are unexhausted or otherwise meritless.

## A. Exhaustion

An individual in state custody pursuant to a state court judgment may seek a writ of habeas corpus from a district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (citations omitted). A claim is "fairly presented" where the petitioner has "informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Id.

Generally, courts will not consider unexhausted claims. There are, however, certain exceptions to this rule. First, in certain circumstances, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Dismissal on the merits is only appropriate where the claim is "plainly meritless" or "patently frivolous." See Williams

v. Artus, 691 F. Supp. 2d 515, 526 (S.D.N.Y. 2010) ("If the unexhausted claims are 'plainly meritless,' the district court can dismiss these claims on the merits.") (citation omitted); Robinson v. Phillips, No. 04–CV–3446, 2009 WL 3459479, at *1 (E.D.N.Y. Oct. 23, 2009) ("If the basis of a claim has not been presented to a state court, AEDPA nonetheless permits a district court to deny a claim on the merits if it is 'patently frivolous.'") (citations omitted).

Second, a court may deem unexhausted claims exhausted where the state court to which the petitioner must present those claims would find them procedurally barred. See Jackson v. Conway, 763 F.3d 115, 143–44 (2d Cir. 2014). In those circumstances, those claims are deemed exhausted, but procedurally defaulted. See Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). For example, where a petitioner fails to assert an error of record in her sole appeal as of right, her claim may be procedurally barred under New York law and thus deemed exhausted by procedural default. See, e.g., Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006). If a claim has been procedurally defaulted, a petitioner may overcome the default only by demonstrating a "fundamental miscarriage of justice," Murray v. Carrier, 477 U.S. 478, 495–96 (1986), or "cause for the default and prejudice from the asserted error," House v. Bell, 547 U.S. 518, 536 (2006).

In her motion before the Appellate Division, Koso did not raise: (1) ineffective assistance of counsel; (2) the validity of her plea; or (3) her innocence. (See generally Not. of Mot. for Sentence Reduction & Mem. of Law. in Sup. of Mot. to Reduce Sentence.) Because Koso may seek relief for those claims via a motion pursuant to Section 440.10 of the New York Criminal Procedure Law, those claims are unexhausted.

Whether Koso exhausted her Eighth Amendment claim raises a closer question. Koso's motion, generously read, sought reconsideration of her probation term as well as her community

5

service requirement due to her "patent mental disabilities." (Mem. of Law. in Sup. of Mot. to Reduce Sentence at 9.) It did not seek modification of the restitution order. Her motion primarily invoked "the Appellate Division's unique discretion to modify legal sentences in the interests of justice." Rivera v. Greiner, 272 F. Supp. 2d 197, 201 (E.D.N.Y. 2003). Courts in this Circuit have held that such motions do not, without more, exhaust potential Eighth Amendment claims. See Baide-Ferrero v. Ercole, No. 06–CV–6961, 2010 WL 1257615, at *4 (S.D.N.Y. Mar. 31, 2010) ("Although New York's Appellate Division has discretion to reduce a sentence in the interest of justice, a federal habeas court considering a state-court conviction has no such power, and a claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right.") (internal citation omitted); Stallings v. Woods, No. 04–CV–4714, 2006 WL 842380, at *22 (E.D.N.Y. Mar. 27, 2006) (petition seeking sentence reduction pursuant to Appellate Division's authority to reduce an unduly harsh sentence in the interest of justice did not suggest the federal nature of the claim); Rivera, 272 F. Supp. 2d at 201 (Eighth Amendment claim not exhausted where "petitioner, in seeking a reduction of sentence, invoked only the Appellate Division's unique discretion to modify legal sentences in the interests of justice."). However, Koso's motion asserted that her sentence was "excessive," and cited the Eighth Amendment and Weems v. United States, 217 U.S. 349 (1910) for the proposition that "[i]t is a precept of justice that punishment should be graduated and proportional to the offense." (Mem. of Law. in Sup. of Mot. to Reduce Sentence at 4.) In these circumstances, Koso fairly presented and exhausted her Eighth Amendment claim concerning the probation term (and her community service requirement, which is now moot), but did not exhaust her claim as to the restitution order. Cf. Diaz v. LeFevre, 688 F. Supp. 945, 947 (S.D.N.Y. 1988) (finding Eighth Amendment claim exhausted where petitioner argued in state court that sentence was

6

"excessive").

Although Koso did not challenge the restitution order in her motion before the Appellate Division, she may still bring a motion pursuant to Section 440.20 of the New York Criminal Procedure Law to set aside that aspect of her sentence. See Rivera, 272 F. Supp. 2d at 201 (concluding Eighth Amendment claim appeared not to be procedurally defaulted where petitioner could still raise claim via a § 440.20 motion); see also People v. Collier, 912 N.Y.S.2d 722, 723 n.2 (N.Y. App. Div. 2010) ("To the extent that this Court's prior decisions may be read to preclude a CPL 440.20 motion where the illegality of the sentence could have been raised on a direct appeal, they should not be followed.") (internal citations omitted). Thus, Koso has not exhausted her claim concerning the restitution order.[5]

**B. Mixed Petitions**

Where, as here, the petition contains exhausted and unexhausted claims, the Court may (1) dismiss the entire petition without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to proceed only with any exhausted claims; or (4) in limited circumstances, stay the petition to permit the petitioner to exhaust the unexhausted claims. See 28 U.S.C. § 2254(b)(2); Rhines v. Weber, 544 U.S 269, 277–278 (2005); McCrae v. Artus, No. 10–CV–2988, 2012 WL 3800840, * 8 (E.D.N.Y. 2012). A stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277.

Although the Court has serious doubts about the merits of Koso's unexhausted claims, the Court cannot, at this juncture, conclude that all of Koso's unexhausted claims are "patently

---

[5] Respondent urges the Court "to note petitioner did knowingly and intelligently waive her right to appeal which would preclude a challenge to her legal sentence." (Resp.'s Opp. to Pet. at 9, ECF No. 4-1.) To the extent respondent argues that Koso's waiver of her right to appeal precludes this Court from reviewing Koso's habeas claims, respondent has cited no authority for that proposition. In any event, because at least one of Koso's unexhausted claims calls into question the validity of her waiver, the Court need not reach that issue.

frivolous" or "plainly meritless." Thus, the Court will not deny those claims on the merits. Nor will the Court stay the petition. Koso has not given the Court any reason for her failure to exhaust her unexhausted claims.[6] Thus, the Court cannot conclude that good cause exists for Koso's failure to exhaust those claims.

That leaves Koso with the option of either voluntarily dismissing her petition without prejudice or proceeding with only her Eighth Amendment claim concerning her probation term. If Koso dismisses her petition without prejudice, respondent will likely argue that any subsequent petition is time-barred, which would prohibit the Court from reviewing any of Koso's claims on the merits unless she could establish a basis for tolling the one-year statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Alternatively, if Koso proceeds with her exhausted claim, she "risks forfeiting federal review on [her] unexhausted claims altogether, since a subsequent petition raising these claims after exhaustion would run into the 'second or successive petition' bar found in 28 U.S.C. § 2244(b)(1)."[7] Ayuso v. Lavalley, No. 12–CV–0932, 2012 WL 1531036, at *1 (E.D.N.Y. May 1,

---

[6] Koso appears to have told her appellate counsel about the problems with her plea counsel, but has not argued that appellate counsel was ineffective. (Pet. at 6, 8.)

[7] Under the "second or successive petition" bar,

> "a petitioner may not file a second habeas petition after his first petition was adjudicated on the merits unless a three-judge panel of the court of appeals determines that the petition 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or that 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence,' and 'the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.' This standard is extremely difficult to meet."

2012).

Given these options, Koso must advise the Court by letter within thirty (30) days of the date of this Order how she wishes to proceed.

### III.   CONCLUSION

In sum, Koso has exhausted her Eighth Amendment claim concerning her probation term, but has not exhausted her claim concerning the restitution order.  Nor has Koso exhausted any of the other claims raised in her petition.  For these reasons, Koso must file a letter with the Court within thirty (30) days indicating whether she wishes to: (1) dismiss the entire petition without prejudice so she can exhaust her unexhausted claims; or (2) proceed only with her Eighth Amendment challenge to her probation term.

The Clerk of Court is directed to send a copy of this Memorandum and Order to Koso.

**SO ORDERED.**

Dated:  March 20, 2015
Central Islip, New York

                                                         /s/     JMA
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE

---

Ayuso, 2012 WL 1531036, at *1 n.1 (quoting 28 U.S.C. § 2244(b)).