```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LINDA A. KOSO,
                                                            ORDER
                    Petitioner,                             12–CV–1723 (JMA)
            v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,


                    Respondent.
----------------------------------------------------------------------X
```

**AZRACK, District Judge:**

Linda A. Koso ("Koso"), proceeding pro se, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for larceny. Familiarity with the parties' papers and the Court's March 20, 2015 Memorandum and Order (the "March 20 Order") is assumed.

As explained in the March 20 Order, Koso's petition contains one exhausted claim (i.e., that her probation term violated the Eighth Amendment) and a number of unexhausted claims. Accordingly, the Court directed Koso to advise the Court whether she wished to: (1) proceed only with her Eighth Amendment claim concerning her probation term; or (2) voluntarily dismiss her petition without prejudice so that she could exhaust her unexhausted claims in state court. In response, Koso submitted a letter advising the Court that, among other things, she was "released from probation in November 2014." (ECF No. 6.)

Because Koso has not alleged that any collateral consequences have resulted or are likely to result from her probation term, any claim that her probation term violated the Eighth Amendment is now moot. Cf. United States v. Hamdi, 432 F.3d 115, 118 (2d Cir. 2005) (explaining that defendant's "challenge to the length of his completed sentence will not satisfy

1

the justiciability requirement of Article III unless prevailing on appeal would relieve him of some concrete and identifiable collateral effect of that sentence."). Thus, her petition contains only unexhausted claims. As explained in the March 20 Order, this Court, subject to certain exceptions not applicable here, has no authority to consider unexhausted claims. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Thus, the Court dismisses Koso's petition without prejudice.

The Clerk of Court is directed to close the case and mail a copy of this Order to Koso.

Because Koso has failed to make a "substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: May 20, 2015
Central Islip, New York

                /s/    JMA
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE